# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| D.D. and all other similarly situated, et al., | Case No. 2:10-cv-1097 |
| Plaintiffs, | Judge: Edmund A. Sargus, Jr. |
| v. | Magistrate Judge: Terence P. Kemp |
| WASHINGTON COUNTY, OHIO, et al., | |
| Defendants. | **ORDER CERTIFYING CLASS** |

## OPINION AND ORDER

This matter is before the Court on a motion to certify a class of plaintiffs pursuant to Fed.R.Civ.P. 23 (Doc. 20). For the following reasons, the motion to certify the class will be granted.

### I. PROCEDURAL HISTORY

This class action was filed on December 6, 2010. The parties have met with the court on two occasions since the case was filed and are in the process of determining if the matter can be resolved through alternative dispute resolution. Plaintiffs have filed a motion to certify the class and defendants have agreed not to oppose the motion as class certification is viewed by all parties as an aid to their efforts to resolve the matter. The parties have further agreed that defendants have preserved their right to move to decertify the class or seek subclasses and if they do file such a motion the burden will return to the plaintiffs to establish compliance with all of the requirements of Rule 23.

## II. ANALYSIS

Although Rule 23(a) requirements are procedural, not jurisdictional, in nature, a party must satisfy the requisite criteria before class certification can be granted. In order for class certification to be granted, the Court must analyze any request to certify a class in light of the four factors outlined in Rule 23. See, e.g., *Equal Opp. Comm. v. Whirlpool*, 80 F.R.D. 10, 14 (N.D.Ind.1978) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 757 (3d Cir.1974))("The Rule 23 prerequisites are mandatory"); *Charal v. Andes*, 81 F.R.D. 99, 100 (E.D.Pa.1979)(citing *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 246 (3d Cir.1975))("The satisfaction of each of these requirements is mandatory and may not be waived"). Put simply, parties cannot consent to Rule 23 certification. Rather, the Court may certify the proposed class only if it concludes, based on the record before the Court, that the four factors stated in Rule 23 are satisfied. Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These four requirements are known as numerosity, commonality, typicality, and adequacy of representation.

A district court is required to conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are satisfied before certifying a class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). While a district court has broad discretion on whether to certify a class that determination must be made within the confines of Rule 23. See *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)(district court bound by Federal Rules). A class is not maintainable as a class action merely because it is designated as such in the pleadings. *In re American Medical Systems, Inc.*,

2

75 F.3d 1069, 1079 (6th Cir. 1996). Although a hearing prior to class certification is not always required, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. (citing *Falcon*, 457 U.S. at 160). As the Court of Appeals has stated: Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide. *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir.1974) (citation omitted).

> According to ¶ 20 of the complaint (Doc. 1), the proposed class consists of
>
> All persons twenty-two[1] years of age or less as of December 6, 2010 (and others for whom the statute of limitations is legally tolled) who have been, are now, or in the future, held in custody at the Washington County, Ohio Juvenile Center.

Because the named plaintiffs did not file additional evidence to support their motion for class certification, see *Falcon*, 457 U.S. at 161 (party seeking the class certification bears the burden of proof), the Court will analyze the amended complaint to see if sufficient facts are set forth to allow the Court to certify a class.

A. Numerosity

Rule 23(a) (1) requires that the class be "so numerous that joinder of all members is impracticable." There is no strict numerical test for determining the impracticability of joinder. *American Medical Systems*, 75 F.3d at 1079. Instead, the numerosity requirement varies depending on the specific facts of each case. Id. Additionally, when the class size reaches substantial numbers, the impracticability requirement is usually satisfied based on

---

[1] Potential class members' claims actually expire upon their twenty-second birthday. Therefore, this should have read "All persons under twenty-two years of age as of December 6, 2010. . ."

3

numbers alone. Id. (citing 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.05, at 3-26).

The complaint indicates that "hundreds of youth [are] confined at the Center each year." ¶ 21 Complaint. This does not include any future potential juveniles who would or could be subjected to the alleged constitutional violations detailed in the complaint. The Court concludes that this number is so large that joinder of all juveniles who have been, are currently, or will in the future be housed at the Center is impracticable.

B. Commonality

Rule 23(a) (2) requires that there be "questions of law or fact common to the class" before certification can be granted. The commonality test is qualitative, rather than quantitative, in nature, meaning that there needs to be only one single issue common to all class members. Id. at 1080 (citing 1 Newberg on Class Actions, § 3.10, at 3-50). In the instant case, the named plaintiffs claim that the alleged illegal policies, conditions, and practices at the Center are consistently applied to all persons housed within the Center. These Center-wide polices, conditions and practices which are alleged in the complaint, include:

- Locking youth in cells 23 hours per day, permitting youth only limited recreation
- Denying water to youth in their cells for extended periods
- Requiring youth to recreate and attend classes in shackles
- Invading privacy of youth through surveillance and other practices
- Requiring that suicide smocks be worn as punishment
- Removing youth from program without due process
- Assigning degrading and humiliating tasks to youth such as cleaning wide areas with a toothbrush

4

- Delaying and denying adequate medical and mental health treatment
- Denying education to youth
- Requiring youth to work for-profit business without pay
- Arbitrarily extending confinement without due process

Because all proposed class members are allegedly subjected or at risk of experiencing these practices, the Court concludes that there are questions of law common to all members of the proposed class and, very likely, common questions of fact as well.

C. Typicality

Rule 23(a) (3) states that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class. The Court of Appeals indicated that [t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members. Id. at 1082 (citing 1 Newberg on Class Actions, § 3.13, at 3-75 and 3-76(footnote omitted)). Here, because the named plaintiffs are seeking systematic changes to the alleged unconstitutional and illegal policies, conditions and practices at DYS, the Court concludes that the named plaintiffs' interests

5

are aligned with those of the proposed class. Moreover, the named plaintiffs' pursuit of claims against the defendants advances the interests of all the purported class members.

D. Adequacy of Representation

Rule 23(a) (4) permits certification only if "the representative parties will fairly and adequately protect the interests of the class. The Court of Appeals annunciated two criteria in determining adequacy of representation: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). The complaint states, in relevant part, that [t]he named Plaintiffs will fairly and adequately represent the interests of the class. These plaintiffs possess the requisite personal interest in the subject matter of the lawsuit. They are represented by counsel experienced in class action litigation on behalf of children involving conditions of confinement. Alphonse A. Gerhardstein is currently lead class counsel on several pending class actions and has previously served as class counsel on many civil rights and criminal justice class actions during his thirty-four year career.

Based on this statement in the complaint, the Court concludes that the named plaintiffs have common interests with the unnamed members of the class. Specifically, the named class members are recent juveniles that have been subjected to the alleged unconstitutional and illegal practices at the Center and are at risk of return to the Center. Additionally, the Court concludes that the named plaintiffs will vigorously prosecute the interests of the class because the named plaintiffs have a significant interest in eliminating any potential illegal and unconstitutional Center practice that the named plaintiffs themselves may be subjected to on a reoccurring basis.

Finally, based on the experiences of the attorneys representing the class, it appears that the class's legal representation is sufficient.

E.  Rule 23(b)

Rule 23 requires not only that the four prerequisites of Rule 23(a) be met, but it also requires that Rule 23(b) be satisfied as well. That rule states, in relevant part:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition ... the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2).

To the extent the plaintiffs seek injunctive relief directed to alleged systematic unconstitutional and illegal Center practices, conditions and policies, the Court concludes that Rule 23(b)(2)certification is appropriate. See generally, *Shreve et al v. Franklin County, et al.,* USDC, SD OH Case No. 2:10-cv-644., Doc. 69 (challenging use of tasers against jail inmates) (certifying a class (b) (2) class of "all persons who, now or at any time during the pendency of this litigation, are or will be placed in the custody of the Franklin County Sheriff's Department at the Franklin County Corrections Centers.")

Under Rule 23(b)(3), class certification is appropriate where (i) questions common to the class predominate over questions affecting only individual class members, and (ii) class resolution is superior to alternative methods for adjudicating the controversy. *In re: Scrap metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008), rehearing and rehearing en banc denied (Oct. 20, 2008); *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004), rehearing en banc denied (Nov. 10, 2004).   When a court can determine liability on a class-wide basis, common questions predominate despite the fact that the damages calculation may involve individualized analysis. *Olden*, 383 F.3d at 508; *Van Horn*, 2008 WL 347758 at*11; *City of Columbus*, 2008 WL

7

3981459 at *7; and *Patrick*, 2008 WL 4758673 at *6. See also *Velsicol Chem. Corp.*, 855 F. 2d at 1197 (common issues relating to liability warranted class certification). It is clear that based on the complaint the common issues predominate in this case as required by Rule 23(b) (3).

In addition to the requirement that common questions of law and fact predominate over individual issues, Rule 23(b) (3) requires that class treatment be superior to other methods of adjudication. The "superiority" requirement is intended to ensure that "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997), citing advisory committee notes for the 1966 revision of Rule 23.

Rule 23(b)(3) identifies four factors pertinent to finding superiority: (i) the interest of class members in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (iv) any difficulties likely to be encountered in managing a class action. See *Olden*, supra, 383 F.3d at 507. These factors are satisfied based upon the complaint in this case.

### III. CONCLUSION

Based on the foregoing, the unopposed motion for class certification is granted. Further, the Court certifies a class in this case under Fed.R.Civ.P. 23(b) (2) and (b) (3) which consists of the following:

> All persons under twenty-two years of age as of the date on which this lawsuit is filed (and others for whom the statute of limitations is legally tolled) who have been, are now, or in the future, held in custody at the Washington County, Ohio Juvenile Center.

The Court further orders that K.M., D.D., N.B., B.M., C.M., W.G., J.L., and J. R., are appointed as class representatives and that Alphonse A. Gerhardstein and Jennifer L. Branch are appointed as class counsel. This is a provisional class order. Defendants have preserved their right to move to decertify based upon future developments in this case, to move for subclasses and assert any defenses they deem appropriate in this matter. Should a motion to decertify be filed, the parties agree that the burden of proof rests with the plaintiffs to satisfy all of the requirements of Rule 23.

Notice submitted by counsel is approved and shall be published by plaintiffs on a date agreed to by the parties at the mediation on April 14, 2011. Publication shall be made in the local newspapers in Marietta and Parkersburg; by posting the notice on the website of Gerhardstein & Branch; by plaintiffs mailing the notice to the last known address of every putative class member; and as further ordered by the Court.

/s/ *[signature]*
Edmund A. Sargus, Jr.
United States District Judge

Date: 3-3-2011

9